SHARTSIS FRIESE LLP
ARTHUR J. SHARTSIS (Bar #51549)
ashartsis@sflaw.com
MARY JO SHARTSIS (Bar #55194)
mshartsis@sflaw.com
ROBERT E. SCHABERG (Bar #81430)
rschaberg@sflaw.com
One Maritime Plaza, 18th Floor
San Francisco, CA  94111
Telephone:  (415) 421-6500
Facsimile:  (415) 421-2922

*E-FILED: December 4, 2012*

Attorneys for Plaintiff
GSI TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GSI TECHNOLOGY, INC., a Delaware corporation,

                Plaintiff,

v.

CYPRESS SEMICONDUCTOR CORPORATION, a Delaware corporation,

                Defendant.

Case No.  5:11-cv-03613-EJD

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
**(MODIFIED BY THE COURT)**

Plaintiff GSI Technology, Inc. and Defendant Cypress Semiconductor Corporation hereby stipulate and agree as follows:

## 1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

1  protections on all disclosures or responses to discovery and that the protection it affords from

2  public disclosure and use extends only to the limited information or items that are entitled to

3  confidential treatment under the applicable legal principles. The parties further acknowledge, as

4  set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file

5  confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the

6  procedures that must be followed and the standards that will be applied when a party seeks

7  permission from the Court to file material under seal.

8  **2.     DEFINITIONS**

9        2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of

10  information or items under this Order.

11        2.2     "<u>CONFIDENTIAL</u>" Information or Items:  information (regardless of how it is

12  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

13  of Civil Procedure 26(c), including without limitation: (1) information protected pursuant to

14  Federal Rule of Civil Procedure 5.2; (2) information protected by any federal, California, or other

15  privacy statute, such as the California Right to Financial Privacy Act; and (3) information

16  protected by an existing contractual obligation requiring the Designating Party to maintain the

17  confidentiality of the information. Nothing in this paragraph shall preclude a Party from redacting

18  personal information, including social security numbers or dates of birth, as required by

19  governing law or contract or otherwise pursuant to the applicable policies of the Party.

20        2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel as

21  well as their support staff, including but not limited to attorneys, paralegals, secretaries, law

22  clerks, and investigators.

23        2.4     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that

24  it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL—ATTORNEYS' EYES ONLY."

26        2.5     <u>Disclosure or Discovery Material</u>:  all items or information, including from any

27  non-party, regardless of the medium or manner in which it is generated, stored, or maintained

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.: 5:11-cv-
03613-EJD                    **STIPULATED PROTECTIVE ORDER**

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   House Counsel:  attorneys who are employees of a Party.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.10   Outside Counsel of Record:  attorneys, as well as their support staff, including but not limited to paralegals, secretaries, law clerks and investigators) who are not employees of a Party but are retained by a Party to represent or advise that Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

3.1   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information obtained outside of litigation with the consent of the Producing Party and not subject to a Non-Disclosure Agreement.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.2   Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

3.3   Nothing in this Order shall be construed to prejudice any Party's rights to use any Protected Material in Court or in any Court filing with the written consent of the Designating Party or by order of the Court.

3.4   This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**STIPULATED PROTECTIVE ORDER**

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

3.5     Nothing in this Order shall be construed to prevent Outside Counsel of Record or House Counsel from advising their clients with respect to this case in whole or in part upon Protected Materials, provided the Protected Materials are not disclosed by such Counsel except as provided in this Order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**STIPULATED PROTECTIVE ORDER**

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed as "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" information.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.  If any portion of a videotaped deposition is designated, the original and all

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.:  5:11-cv-03613-EJD
**STIPULATED PROTECTIVE ORDER**

1    copies of any videocassette, videotape, DVD or other media container shall be labeled with the

2    appropriate legend.

3    Any Protected Material that is used in the taking of a deposition shall remain subject to

4    the provisions of this Order, along with the transcript pages and videotape of the deposition

5    testimony dealing with such Protected Material. Counsel for any Producing Party shall have the

6    right to exclude from oral depositions, other than the deponent and deponent's counsel, any

7    person who is not authorized by this Protective Order to receive or access Protected Material

8    based on the designation of such Protected Material. Such right of exclusion shall be applicable

9    only during periods of examination or testimony regarding such Protected Material.

10    (c)    for information produced in some form other than documentary and for any

11    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

12    container or containers in which the information or item is stored the legend "CONFIDENTIAL"

13    or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions

14    of the information or item warrant protection, the Producing Party, to the extent practicable, shall

15    identify the protected portion(s) and specify the level of protection being asserted.

16    5.3    Inadvertent Failures to Designate.    If a Producing Party discovers that

17    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

18    information or items that it produced were not designated as Protected Material, or that it

19    produced information or items that were designated as Protected Material but had designated

20    them in the incorrect category, the Producing Party may notify all other Parties of the error and

21    identify the affected information or items and their new designation or re-designation. Thereafter,

22    the information or items so designated or re-designated will be treated as Protected Material.

23    After providing such notice, the Producing Party shall provide re-labeled copies of the

24    information or items to the Receiving Party reflecting the change in designation.

25    A timely corrected inadvertent failure to designate qualified information or items does not,

26    standing alone, waive the Designating Party's right to secure protection under this Order for such

27    material. Upon timely correction of a designation, the Receiving Party must make reasonable

28    efforts to assure that the material is treated in accordance with the provisions of this Order. Upon

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**STIPULATED PROTECTIVE ORDER**

receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Receiving Party's option, all Discovery Material reasonably accessible to the Receiving Party that was not designated properly.  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the <span style="color:red">parties shall comply with the undersigned's Standing Order re Civil</span> ~~Designating Party shall file and serve a motion to retain confidentiality under~~

**STIPULATED PROTECTIVE ORDER**

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Discovery Disputes

1   ~~Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if~~

2   ~~applicable)~~ within 21 days of the initial notice of challenge or within 14 days of the parties

3   agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.
    Any Discovery Dispute Joint Report ("DDJR") shall affirm that

4   ~~Each such motion must be accompanied by a competent declaration affirming that the movant has~~
    have been satisfied.

5   ~~complied with~~ the meet and confer requirements imposed in the preceding paragraph ^.  Failure by
    seek judicial intervention

6   the Designating Party to ~~make such a motion including the required declaration~~ within 21 days (or

7   14 days, if applicable) shall automatically waive the confidentiality designation for each

8   challenged designation.  ~~The parties may stipulate without court order to amend the time period~~
    seek relief with

9   ~~within which a motion shall be filed~~.  In addition, the Challenging Party may ~~file a motion~~
    respect to

10  ~~challenging~~ a confidentiality designation at any time if there is good cause for doing so, including

11  a challenge to the designation of a deposition transcript or any portions thereof.  ~~Any motion~~

12  ~~brought pursuant to this provision must be accompanied by a competent declaration affirming that~~

13  ~~the movant has complied with the meet and confer requirements imposed by the preceding~~

14  ~~paragraph.~~

15       The burden of persuasion in any such challenge proceeding shall be on the Designating

16  Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

17  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

18  sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to
    seek relief

19  ~~file a motion~~ to retain confidentiality as described above, all parties shall continue to afford the

20  material in question the level of protection to which it is entitled under the Producing Party's

21  designation until the Court rules on the challenge.

22  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

23       7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed

24  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

25  defending, or attempting to settle this litigation or related appellate proceeding, and not for any

26  other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of

27  persons and under the conditions described in this Order.  When the litigation has been

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.: 5:11-cv-
03613-EJD                    **STIPULATED PROTECTIVE ORDER**

terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner  that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as non-attorney employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  current or former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent reasonably necessary to perform such services and provided that such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters, stenographers, videographers retained to record testimony in this action and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their testimony or preparation for their testimony, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that

Sʜᴀʀᴛsɪs Fʀɪᴇsᴇ ʟʟᴘ
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) mock jurors who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(i) any mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(j) any other person with the prior written consent of the Producing Party.

7.3 Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) Persons designated in Sections 7.2(d), (e), (f), (g), (h), (i) and (j);

(b) the Receiving Party's Outside Counsel of Record in this action, including attorneys who are principals or employees of said Outside Counsel of Record, provided that such Outside Counsel is not involved in competitive decision-making on behalf of a Party or a competitor of a Party, to whom it is reasonably necessary to disclose the information for this litigation, as well as non-attorney employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) Designated House Counsel of the Receiving Party, (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in Section 7.4(a), below, have been followed;

(d) Experts (as defined in this Order) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent reasonably necessary to perform such

1    services, that such Expert is not involved in competitive decision-making on behalf of a Party or a

2    competitor of a Party, that such Expert has signed the "Acknowledgment and Agreement to Be

3    Bound" (Exhibit A), and that the procedures set forth in Section 7.4(b) below have been followed;

4    and

5              (e)      the author or recipient of a document containing the information or a

6    custodian or other person who otherwise possessed or knew the information.

7         7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY

8    CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items to Designated House

9    Counsel or Experts.

10             (a)      Unless otherwise ordered by the Court or agreed to in writing by the

11   Designating Party, a Party that seeks to disclose to Designated House Counsel any information or

12   item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

13   pursuant to Section 7.3(c) first must make a written request to the Designating Party that (1) sets

14   forth the full name of the Designated House Counsel and the city and state of his or her residence,

15   and (2) describes the Designated House Counsel's current and reasonably foreseeable future

16   primary job duties and responsibilities in sufficient detail to determine if House Counsel is

17   involved, or may become involved, in any competitive decision-making.

18             (b)      Unless otherwise ordered by the Court or agreed to in writing by the

19   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

20   information or item that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS'

21   EYES ONLY" pursuant to Section 7.3(d) first must make a written request to the Designating

22   Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL—ATTORNEYS'

23   EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert

24   without disclosure of the identity of the Expert as long as the Expert is not a current officer,

25   director, or employee of a competitor of a Party or anticipated to become one.

26             (c)      A Party that makes a request and provides the information specified in the

27   preceding respective paragraphs may disclose the subject Protected Material to the identified

28   Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**STIPULATED PROTECTIVE ORDER**

1  receives a written objection from the Designating Party.  Any such objection must set forth in

2  detail the grounds on which it is based.

3          (d)      A Party that receives a timely written objection must meet and confer with

4  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

5  agreement within seven days of the written objection.  If no agreement is reached, the ~~Party~~ *parties*

*shall comply with the undersigned's Standing Order re Civil Discovery Disputes.*

6  ~~seeking to make the disclosure to Designated House Counsel or Expert may file a motion as~~

7  ~~provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order~~

8  ~~62, if applicable) seeking permission from the Court to do so.~~  Any ~~such motion~~ *DDJR* must describe the

9  circumstances with specificity, set forth in detail the reasons why the disclosure to the Designated

10  House Counsel or Expert is reasonably necessary, assess the risk of harm that the disclosure

11  would entail, and suggest any additional means that could be used to reduce that risk.  ~~In addition,~~

12  ~~any such motion must be accompanied by a competent declaration describing the parties' efforts~~

13  ~~to resolve the matter by agreement (i.e., the extent and the content of the meet and confer~~

14  ~~discussions) and setting forth the reasons advanced by the Designating Party for its refusal to~~

15  ~~approve the disclosure~~.

16          In any such proceeding, the Party opposing disclosure to Designated House Counsel or

17  Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

18  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

19  Material to its Designated House Counsel or Expert.

20

21  **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

22          If a Party is served with a subpoena or a court order issued in other litigation that compels

23  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" that Party must:

25          (a)      within three business days notify in writing the Designating Party.  Such

26  notification shall include a copy of the subpoena or court order;

27          (b)      promptly notify in writing the party who caused the subpoena or order to

28  issue in the other litigation that some or all of the material covered by the subpoena or order is

**STIPULATED PROTECTIVE ORDER**

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.   See Paragraph 14.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**STIPULATED PROTECTIVE ORDER**

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.   If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.   Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material. See Paragraph 14.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of material subject to a claim of attorney-client privilege, work product protection or other privilege or protection shall not constitute automatic waiver of such privilege or protection pursuant to Federal Rule of Evidence 502.   When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).     This provision is not intended to modify whatever

- 16 -

procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

12.4    <u>Termination of the Action and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of this action as defined in Section 4 (DURATION).  The Court shall retain jurisdiction after Final

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**STIPULATED PROTECTIVE ORDER**

1   Disposition to hear and resolve any disputes arising out of this Protective Order for a period of six

2   months.

3       12.5   Successors.   This Order shall be binding upon the Parties hereto, their attorneys,

4   and their successors, executors, personal representatives, administrators, legal representatives,

5   assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any

6   persons or organizations over which they have direct control.

7       12.6   Modification by Court.   This Order is subject to further court order based upon

8   public policy or other considerations, and the Court may modify this Order sua sponte in the

9   interests of justice.   The United States District Court for the Northern District of California is

10  responsible for the interpretation and enforcement of this Order.   All disputes concerning

11  Protected Material, however designated, produced under the protection of this Order shall be

12  resolved by the United States District Court for the Northern District of California.

13      12.7   Discovery Rules Remain Unchanged.   Identification of any individual pursuant to

14  this Order does not make that individual available for deposition or any other form of discovery

15  outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules

16  for the United States District Court for the Northern District of California, or the Court's own

17  orders.

18  **13.   FINAL DISPOSITION**

19      Within 60 days after the final disposition of this action, as defined in Section 4

20  (DURATION), each Receiving Party must return all Protected Material to the Producing Party or

21  destroy such material.   As used in this subdivision, "all Protected Material" includes all copies,

22  abstracts, compilations, summaries, and any other format reproducing or capturing any of the

23  Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party

24  must submit a written certification to the Producing Party (and, if not the same person or entity, to

25  the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate)

26  all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party

27  has not retained any copies, abstracts, compilations, summaries or any other format reproducing

28  or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

2  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

3  attorney work product, and consultant and expert work product, even if such materials contain

4  Protected Material.  Any such archival copies that contain or constitute Protected Material remain

5  subject to this Protective Order as set forth in Section 4.*

6          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7  DATED:     November 1, 2012          /s/ Mary Jo Shartsis

8                                       Mary Jo Shartsis
                                        Shartsis Friese LLP

9                                       Attorneys for Plaintiff GSI Technology, Inc.

10

11 DATED:     November 1, 2012          /s/ Lee H. Rubin

                                        Lee H. Rubin

12                                      Mayer Brown LLP
                                        Attorneys for Defendant

13                                      Cypress Semiconductor Corporation

   **AS MODIFIED BY THE COURT,**

14 PURSUANT TO STIPULATION,^ IT IS SO ORDERED.

15 DATED: December  4 , 2012

16                                      Howard R. Lloyd
                                        United States Magistrate Judge

17

18

19 **\*14.  In the event of any discovery or disclosure dispute, the parties and any**
   **affected non-parties shall comply with the undersigned's Standing Order re**

20 **Civil Discovery Disputes.**

21

22

23

24

25

26

27

28

Case No.:  5:11-cv-
03613-EJD                    **STIPULATED PROTECTIVE ORDER**

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____

[name and full address and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *GSI Technology, Inc. v. Cypress Semiconductor Corporation*, Case No. 5:11-cv-03613-EJD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [name and full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1

## DECLARATION UNDER CIVIL LOCAL RULE 5.1

2      I, Mary Jo Shartsis, am the ECF User whose ID and password are being used to file this

3  Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential

4  Information And/Or Trade Secrets.  In compliance with Civil Local Rule 5.1(i), I hereby attest

5  that I have the concurrence of each of the signatories indicated by a "conformed" signature (/s/)

6  within this e-filed document.

7  DATED:  November 1, 2012                    */s/ Mary Jo Shartsis*
                                                  MARY JO SHARTSIS
8

9  8301\001\1834408.4

10

11

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  5:11-cv-
03613-EJD            **STIPULATED PROTECTIVE ORDER**