UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CYPRESS SEMICONDUCTOR CORPORATION, <br><br>　　　　Defendant. | Case No. 5:11-cv-03613-EJD <br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES** <br><br>**[Re: Dkt. Nos. 80, 82, 84]** |

In conjunction with a Motion for Summary Judgment, Defendant Cypress Semiconductor Corporation ("Cypress") filed motions to exclude three of Plaintiff GSI Technology, Inc.'s ("GSI") expert witnesses pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) ("Daubert"). The first motion seeks an order precluding any testimony from GSI's retained economist, Dr. Robert Harris ("Harris"). See Docket Item No. 80. The second seeks a similar order as to GSI's technical expert, Robert Murphy ("Murphy"). See Docket Item No. 82. The third seeks to exclude testimony from GSI's damages expert, D. Paul Regan ("Regan"). See Docket Item No. 84.

The relevant factual background is contained in the order addressing Cypress' summary judgment motion and is not repeated here. After carefully considering the parties' arguments with respect to each expert, the Daubert motions are DENIED.

**I.　LEGAL STANDARD**

Cypress moves to exclude GSI's experts pursuant to Federal Rules of Evidence 403, 702

1

Case No.: 5:11-cv-03613-EJD
ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE TESTIMONY OF
PLAINTIFF'S EXPERT WITNESSES

and the standards contained in Daubert and its progeny. Looking first at Rule 702, it provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Read together, Daubert and Rule 702 broadly require that an expert not only be qualified, but also that the expert's testimony be reliable and relevant. Daubert, 509 U.S. at 589-91. Thus, when faced with a challenge to an expert, "[t]he trial judge must perform a gatekeeping function to ensure that the expert's proffered testimony" meets this standard. United States v. Redlightning, 624 F.3d 1090, 1111 (9th Cir. 2010). This role is a flexible one, such that the trial judge is afforded "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999). The party offering the expert evidence bears the burden of proving its admissibility by a preponderance of proof. Id. at 593 n.10.

Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Whether or not to admit potentially prejudicial evidence under Rule 403 is a discretionary question for the trial court. Boyd v. City & Cnty. of S.F., 576 F.3d 938, 948 (9th Cir. 2009).

## II. DISCUSSION

### A. Robert Murphy

According to his report, Murphy ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See Expert Report of Robert Murphy

2    ("Murphy Report"), Docket Item No. 83, at Ex. 1, ¶ 6. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5    ▮▮▮▮▮▮▮▮ Id. at ¶ 8.

6    Cypress challenges Murphy's opinions on the following grounds: (1) Murphy is an

7    engineer who is not qualified to offer opinions on economic concepts that include relevant product

8    market, market power, and barriers to entry; (2) Murphy bases his opinions on QDR-III and the

9    development time for SigmaQuad IIIe on a hunch rather than an established methodology; and (3)

10   Murphy's opinion regarding the QDR Consortium does not reflect specialized experience, but

11   only legal advocacy.  Each argument will be addressed in turn.

### 1. Opinions on Economic Concepts

13   Murphy opined ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Id. at ¶ 83.

19   Cypress argues that Murphy's experience ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20   ▮▮▮▮ does not qualify him to provide an opinion on economic concepts that include relevant

21   market definition, market power, or barriers to entry. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24   These arguments are misplaced.  Upon considering Murphy's analysis as a whole,

25   Murphy's opinions are not economic in nature. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Case No.: 5:11-cv-03613 EJD
ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE TESTIMONY OF
PLAINTIFF'S EXPERT WITNESSES

1
2
3  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ While these
4  terms may have an economic meaning, Murphy did not use them in that manner.  Murphy's spare
5  use of these terms is not sufficient to render his opinion inadmissible.

### 2.  Opinions on QDR-III and Development Time for SigmaQuad-IIIe

Murphy opined ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Murphy Report at ¶ 99. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Id. at ¶ 116.

Cypress argues that these opinions are inadmissible because Murphy fails to apply a discernible methodology in forming them, but relies only on his prior experience and intuition. Cypress also argues that Murphy bases his conclusions on unsupported conjectures and subjective beliefs.

The Ninth Circuit has found opinions based on an expert's experience in the industry to be proper: "When evaluating specialized or technical expert opinion testimony, the relevant reliability concerns may focus upon personal knowledge or experience." United States v. Sandoval-Mendoza, 472 F.3d 645, 655 (9th Cir. 2006) (quoting Kumho Tire Co., 526 U.S. at 150 (1999) (internal quotations omitted)).  Subjective beliefs and opinions are proper expert testimony. See PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd., 2011 WL 5417090, at *8 (N.D. Cal. Oct. 27, 2011) (Ware, J.) (expert testimony grounded on the expert's personal knowledge and experience was admissible in light of his extensive background in the area); Toomey v. Nextel Commc'ns, Inc., 2004 WL 5512967, at *8 (N.D. Cal. Sept. 23, 2004) (Chesney,

4
Case No.: 5:11-cv-03613 EJD
ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES

1  J.) (same).  Here, Murphy ▮

2  ▮ Murphy Report at ¶ 3. ▮

3  ▮

4  ▮ Id. ▮

5  ▮, Murphy relied on his industry experience to form an opinion.  Id. at ¶¶ 102-06.

6  This methodology is proper, thus Murphy's opinion is admissible.

3.  **Opinion Regarding the QDR Consortium's "Consolidation of Market Power" and Its Failure to Innovate**

9  Murphy opined ▮

10  ▮

11  ▮ Murphy

12  Report at ¶ 83. ▮ Id.

13  Moreover, Murphy opined ▮

14  ▮

15  ▮ Id. at ¶¶ 91, 93.

16  Cypress argues that ▮

17  ▮ It further argues that his opinions should be excluded because it is not

18  helpful to a jury since it mirrors what a lay person could do.  Cypress contends that the jury can,

19  just as Murphy, ▮ themselves to arrive at their own

20  conclusion.

21  As discussed above, taken as a whole, ▮

22  ▮ Rather, Murphy ▮

23  ▮ This

24  testimony is proper in light of Murphy's expertise in the field.  Moreover, the jury cannot, as

25  Cypress suggests, ▮

26  ▮ Given that ▮

5

Case No.: 5:11-cv-03613 EJD
ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE TESTIMONY OF
PLAINTIFF'S EXPERT WITNESSES

United States District Court
Northern District of California

██████████████████████████████████████████, his testimony will be very helpful to the jury.  Therefore, Murphy's opinion is proper and admissible.

### 4. Conclusion

Murphy relied on his personal experiences and examined the record to derive his opinions. See Williams v. Illinois, 132 S. Ct. 2221, 2228 (2012) ("Under settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true."). Cypress challenges to Murphy's opinions pertain to the weight of his opinions rather than its admissibility. As such, Cypress can cross-examine Murphy to identify any deficiencies. See Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004) ("[Q]uestions regarding the nature of [an expert witness'] evidence [go] more to the 'weight' of his testimony - an issue properly explored during direct and cross-examination."); Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 865 (9th Cir. 2004) ("[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."). Murphy's opinions are within the scope of his expertise, and have a high probative value ████████ ████████████████████████████████ Accordingly, Cypress' motion directed at Murphy is DENIED.

### B. Robert Harris

According to his report, Harris ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████ See Expert Report of Robert Harris ("Harris Report"), Docket Item No. 81, at Ex. 1 at 3.  To form his opinions, ████████████████████████████
████████ See id. at Ex. 3.  In sum, ████████████████████████████████████
████████████████████████ Id. at 35. ████████████████████████████████████
████████████████████████████████████████████████████████████████████████

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Id. at 35-36. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Id. at 36.

Cypress challenges Harris's methodology arguing that he did not have the necessary quantitative data for the analysis, and ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ Id. at 1-2. Consequently, Cypress argues that Harris failed to meaningfully utilize fundamental market-based economic principles in considering whether other products were in the relevant product market. Id. at 2.

The relevant product market consists of "those products to which consumers will turn, given reasonable variations in price." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 767 (9th Cir. 2001). "Where an increase in the price of one product leads to an increase in demand for another, both products should be included in the relevant product market." Id. To assist in the determination of the relevant market, "practical indicia," such as "industry or public recognition of the submarket as a separate economic entity, the product's peculiar characteristics and uses, unique production facilities, distinct customers, distinct prices, sensitivity to price changes, and specialized vendors" can be considered. Newcal Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1045 (9th Cir. 2008) (quoting Brown Shoe Co. v. United States, 370 U.S. 294, 325 (1962)).

Since the Ninth Circuit allows a qualitative approach when determining the relevant market, Cypress' argument fails. Harris ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See Harris Report at 41 & nn. 116, 124, 126, 128-30, 132-33. Moreover, Harris's consideration of Murphy's testimony is proper because economic experts are entitled to consider the opinions of technical experts. See Mediatek, Inc. v. Freescale Semiconductor, 2014 WL 971765, at *1 (N.D.Cal. Mar. 5, 2014) (Gonzalez Rogers, J.); DataQuill Ltd. v. High Tech Computer Corp., 887 F. Supp. 2d 999, 1026 (S.D. Cal. 2011). Harris is

7
Case No.: 5:11-cv-03613 EJD
ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES

qualified to conduct an economic analysis, and his application of a qualitative approach is a potential topic for cross-examination rather than a reason to exclude his opinions. Accordingly, Harris's opinion is admissible. Cypress' motion directed at Harris is DENIED.

**C.    D. Paul Regan**

According to his report, Regan ███████████████████████████████████
████████████████████████████████████████████████████████████████████
███████████ See Expert Report of D. Paul Regan, CPA/CFF, CFE ("Regan Report"), Docket Item No. 85, at Ex. 1, ¶ 3. ██████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████ Id. at ¶ 21.
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████████████ Id. at ¶ 48.

Breaking down the first step of his analysis, ██████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████
███████████████████ Id. at ¶ 22. ███████████████████████████ Id. at ¶ 27.
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████ Id. at ¶ 31.

Cypress challenges Regan's profits calculation for each time period.[1] █████

---

[1] To the extent Cypress challenges Regan's qualifications to serve as an expert in the field of

8

Case No.: 5:11-cv-03613 EJD
ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE TESTIMONY OF
PLAINTIFF'S EXPERT WITNESSES

1 ▮

2 ▮

3 ▮ Cypress also takes issue with ▮

4 ▮

5 ▮

6 ▮ Cypress contends that Regan should have performed

7 additional economic or market analysis ▮

8 ▮

9 ▮ According to Cypress, these shortcomings leave Regan's opinion without a

10 factual foundation or an objective basis, and render it inadmissible.

11     These arguments are misplaced, at least for a motion seeking to entirely exclude an

12 expert's opinion. While it is true, as Cypress points out, ▮

13 ▮ he is entitled to do so in forming an

14 expert opinion. See Williams, 132 S. Ct. at 2228 ("Under settled evidence law, an expert may

15 express an opinion that is based on facts that the expert assumes, but does not know, to be true.").

16 It will be GSI's burden at trial to establish the factual bases for his assumptions. Id. If GSI does

17 not do so, Cypress can cross-examine Regan to identify any deficiency. See Hangarter, 373 F.3d

18 at 1017 n.14 ("[Q]uestions regarding the nature of [an expert witness'] evidence [go] more to the

19 'weight' of his testimony—an issue properly explored during direct and cross-examination.");

20 Children's Broad. Corp., 357 F.3d at 865 ("[T]he factual basis of an expert opinion goes to the

21 credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the

22 factual basis for the opinion in cross-examination.").

23     In addition, the court does not concur that Regan's analysis lacks an objective basis. ▮

24

25 economic damages, such a challenge is rejected. ▮

26 ▮ See Regan Report, at ¶¶ 4-5. ▮

27 ▮ Id. at ¶ 5.

9

28 Case No.: 5:11-cv-03613 EJD
ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE TESTIMONY OF
PLAINTIFF'S EXPERT WITNESSES

United States District Court
Northern District of California

▮▮▮ See Fed. R. Evid. 705 ("[A]n expert may state an opinion—and give the reasons for it—without first testifying to the underlying facts or data."). Again, while Cypress is free to question the basis for Regan's opinion during cross-examination, and may also present counter-testimony through its own experts, it has not provided reason sufficient to exclude Regan's testimony as *ipse dixit* or "inadmissible speculation."

Cypress' other criticisms are similarly unpersuasive. ▮▮▮ However, when an expert like Regan is qualified to undertake the economic calculations described in his report, his choices are potential, or perhaps substantial, topics for cross-examination rather than reasons to exclude his opinion under Daubert. Nor does any prejudicial effect from the testimony outweigh its probative value. Accordingly, Cypress' motion directed at Regan is DENIED.

### III.   CONCLUSION

Based on the foregoing, Cypress' Motions to Exclude Testimony of GSI's Expert Witnesses Murphy, Harris, and Regan are DENIED.

**IT IS SO ORDERED.**

Dated: January 20, 2015

*[signature]*
EDWARD J. DAVILA
United States District Judge